AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

2021 DEC 13 PM 1: 13

JASON DUNLAP
_Petitioner_

v.   Case No. 5:21-cv-607-RBD-PRL
_(Supplied by Clerk of Court)_

UNITED STATES FEDERAL BUREAU of PRISONS.
_Respondent_
_(name of warden or authorized person having custody of petitioner)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: JASON DUNLAP
   (b) Other names you have used: N/A
2. Place of confinement:
   (a) Name of institution: Federal Correctional Complex- USP-1 COLEMAN.
   (b) Address: P.O. BOX 1033, Coleman, Florida. 33521-1033

   (c) Your identification number: 13292-055
3. Are you currently being held on orders by:
   ☑ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you: United States District Court for the Northern District of California, San Francisco.
       (b) Docket number of criminal case: 3:10-CR-00400-WHA
       (c) Date of sentencing: October 5, 2010
   ☐ Being held on an immigration charge
   ☐ Other _(explain)_:

Page 2 of 10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:
   - ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   - ☐ Pretrial detention
   - ☐ Immigration detention
   - ☐ Detainer
   - ☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   - ☐ Disciplinary proceedings
   - ☐ Other (explain):

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: United States District Court, Western District of New York.
   (b) Docket number, case number, or opinion number: 1:04-CR-00111-001
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): Decision on the Error of calculating 50 months in which are Not Justifiable whether That sentence was to run concurrent or consecutive with The 188 month sentence as I was released from state custody and Never went to The F.B.O.P to the 50 month sentence.
   (d) Date of the decision or action: -unknown-

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes    ☑ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: N/A
       (2) Date of filing: N/A
       (3) Docket number, case number, or opinion number: N/A
       (4) Result: N/A
       (5) Date of result: N/A
       (6) Issues raised: N/A

(b) If you answered "No," explain why you did not appeal: WAS told to file a 2241 motion to resolve the issues pertaining the validity of the concurrent or consecutive pertaining the 50 month sentence while the 188 month sentence ran concurrently.

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: ___
       (2) Date of filing: ___
       (3) Docket number, case number, or opinion number: ___
       (4) Result: ___
       (5) Date of result: ___
       (6) Issues raised: ___

   (b) If you answered "No," explain why you did not file a second appeal: ___

9. **Third appeal**
   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: ___
       (2) Date of filing: ___
       (3) Docket number, case number, or opinion number: ___
       (4) Result: ___
       (5) Date of result: ___
       (6) Issues raised: ___

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:

N/A

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes   ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes   ☒ No

If "Yes," provide:
(1) Name of court:     N/A
(2) Case number:       N/A
(3) Date of filing:    N/A
(4) Result:            N/A
(5) Date of result:    N/A
(6) Issues raised:     N/A

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes   ☒ No

If "Yes," provide:
(1) Name of court:     N/A
(2) Case number:       N/A
(3) Date of filing:    N/A
(4) Result:            N/A
(5) Date of result:    N/A
(6) Issues raised:     N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes  ❏ No

If "Yes," provide:

(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?

❏ Yes  ❏ No

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?

❏ Yes  ❏ No

If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☐ Yes      ☒ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application: _____
    (b) Name of the authority, agency, or court: _____

    (c) Date of filing: _____
    (d) Docket number, case number, or opinion number: _____
    (e) Result: _____
    (f) Date of result: _____
    (g) Issues raised: _____

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Violation of Petitioners due process Rights pertaining his fifth and fourteenth amendments of the united states constitution.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(SEE ATTACHMENT ground one)

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☑ No

**GROUND TWO:** Challenging the miscalculation of Good time credits pertaining the first step act

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner contends that the Federal Bureau of Prisons has miscalculated his good time credits pertaining the first step act, when congress passed the Bill pertaining the First Step Act its intention was to reduce sentence when Eligible for said act. Mr. Dunlap qualifies for this reduction but the BOP has clearly miscalculated his good time credits as he has been programming and working which would change his current sentence and the BOP refuses to correct this issue

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☑ No

**GROUND THREE:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes      ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

**Request for Relief**

15. State exactly what you want the court to do: To have his 50 months sentence run concurrent with his 188 months sentence and to have the BOP recalculate his good time credits.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 12/7/21

*Jason Dunlap*
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

# ATTACHMENT

Ground One:

(Contenued Ground one)                                          - Attachment -

<u>Ground one:</u> Violation of Petitioners due process Rights pertaining his FIFTH and FOURTEENTH Amendments of the United States constitution.

<u>Supporting Facts:</u> Petitioner's due Process Rights has been violated pertaining his fifth and fourteenth amendment due to petitioner was sentenced to a term of 50 months of incarceration inwhich was placed at the end of his 188 months sentence which The Federal Bureau of Prisons (BOP) has clearly violated his due process rights.

In 2003 Mr. Dunlap was sentenced to a term of 2 years and 5 months to be served in the S~~tate~~ of Arizona Department of corrections for unrelated charges.

In when while Dunlap was serving his current sentence ~~wh~~ The U.S. Marshals picked him up and was placed in federal custody inwhich Mr. Dunlap to face his federal charges and plead Guilty of Robbery and he was sentenced to 50 months in the (B.O.P.).

Mr. Dunlap was then returned back to the state in order for him to complete his state sentence.

(note: a detainer was placed on Dunlap when returned back to the state.)

In 2005 Mr. Dunlap was released from state custody to finish his state time on parole.

The detainer that was placed on Mr. Dunlap was lifted for unknown reasons.

While out on parole Mr. Dunlap reported to his state parole officer for a good period of time then violated his parole.

At a later point in 2010 Mr. Dunlap was charged and sentenced for Robbery in California and the United States District Judge noticed that Dunlap was supposed be serving his federal sentence of 50 month and told Dunlap that to let Buffalo deal with it due to he

p.1

(continued Ground one)

The U.S. Dist. Judge was not going to deal with that issue.

The U.S. Dist. Court for Buffalo New York was notified but refuses to do anything pertaining said 50 months and once Mr. Dunlap was turned over to the Federal Bureau of Prisons (BOP) they just tacked the 50 months at the end of his 188 months.

By doing this causes the violation of Mr. Dunlaps due process rights as the 50 months either should have been dissmissed or run concurrent with his 188 months sentence.

Due to the facts that (2) two defferent Federal Judges had an opportunity to speak upon whether or not the 50 months sentence was to run concurrent or consective to any other sentence im-posed or to be imposed, the ambiguity must be solved in favor of the more lenient punishment, which would be a concurrent sentence. [see Rule of Lenity]

Rule of Lenity - The Judicial doctrine holding that a court, in construing an ambiguous criminal statute that sets out multiple or inconsistant punishments, should resolve the ambiguity in favor of the more lenient punishment. (* in this case, it would be the sentencing statutes).

"when a prisoner is challenging the very fact or duration of his physical emprisonment, and the relief he seeks is a determination that he is entitled to immediate... or speedier release from that imprisonment, his sole federal remedy is a writ of Habeas corpus" [see PREISER v. Rodriguez, 411 u.s. 475, 500 (1973).

Relief from this due process violation would be to either dismiss the 50 months or to run the 50 months concurrent with his 188 months sentence.

P.2



Jason Dunlap #13292055 (J-un-1)
Federal Correctional Complex-USP-1
P.O. Box 1033
Coleman, Florida 33521

LEGAL
MAIL

SCREENED
By USMS

Clerk of the Clerk
United States District Court
Golden-Collum Memorial Building & Courthouse
207 NW Second Street, Room 337
Ocala, Florida 33521